J-A07020-17

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| KATHLEEN S. LUCCI, A MARRIED WOMAN | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| THE LILLIAN J. ROEHL REVOCABLE TRUST DATED MARCH 21, 2014, ALICE E. ROBERTS, AND PAUL S. ROBERTS, INDIVIDUALLY AND IN THEIR CAPACITY AS TRUSTEES OF THE LILLIAN J. ROEHL REVOCABLE TRUST | : : : : : : : : | |
| Appellees | : | No. 1027 WDA 2016 |

Appeal from the Order Entered July 6, 2016,
in the Court of Common Pleas of Beaver County,
Orphans' Court at No(s): 04-14-1059

BEFORE:    OLSON, STABILE, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

FILED SEPTEMBER 29, 2017

Because the orphans' court erred by denying Appellant the opportunity to conduct discovery, I respectfully dissent and offer the following analysis.

The orphans' court set forth accurately the requirements for Appellant to establish the existence of a lost will. See Orphans' Court Opinion, 11/14/2016, at 9.

> In order to establish the existence of a lost will which was in the custody of the testatrix prior to her death, the proponent of the will must overcome the presumption that the testatrix destroyed or revoked her will. As such, the proponent of the will must prove the following factors by utilizing evidence which is positive, clear, and satisfactory: (1) that the testatrix duly and properly

_____

*Retired Senior Judge assigned to the Superior Court.

executed the original will; (2) that the contents of the executed will were substantially the same as on the copy of the will presented for probate; and (3) that the testatrix had not destroyed or revoked her will prior to her death.

In re Estate of Keiser, 560 A.2d 148, 150 (Pa. Super. 1989) (internal citation omitted).

At issue in this case is the evidence presented by Appellant to overcome the presumption that the Decedent destroyed her will. The orphans' court concluded that, "based upon the weight and credibility of all evidence and testimony presented, [Appellant] failed to overcome the presumption[.]" Orphans' Court Opinion, 11/14/2016, at 9.

However, the orphans' court had denied Appellant the opportunity to discover and therefore present evidence that could have aided her in overcoming that presumption. Decedent was 97 years old at the time of the 2014 will and trust. Appellant sought discovery of Decedent's medical records. It is certainly not inconceivable that Decedent's intellect was weakened to the extent that she would have been subject to undue influence by the Trustees. Likewise, she may have lacked the intellect to destroy any 2011 will.

The learned Majority relies on the testimony of Attorney Nalli to find that Decedent was of sound mind, and that even if there had been evidence to the contrary, the orphans' court could still have believed Nalli. But we will never know whom the orphans' court would have believed because the court never allowed Appellant to discover Decedent's medical records.

If the orphans' court had permitted this discovery, it would then have been able to assess whether the 2014 will and trust were signed or whether the 2011 will was destroyed or revoked as a result of the undue influence by the Trustees, or whether Decedent even had the capacity to revoke or destroy the earlier will. Accordingly, I would vacate both the July 6, 2016 order and the April 19, 2016 decree of the orphans' court. In addition, I would deny Appellees' motion for protective order and grant Appellant's motion to compel production of documents.